J-S23021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KYLE VO, | : | |
| | : | |
| Appellant | : | No. 2327 EDA 2016 |

Appeal from the Judgment of Sentence July 18, 2015
in the Court of Common Pleas of Chester County,
Criminal Division, No(s):  CP-15-CR-0001077-2015

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

DISSENTING MEMORANDUM BY MUSMANNO, J.:  **FILED OCTOBER 16, 2017**

I must respectfully disagree with the Majority's conclusion regarding the admissibility of the recorded telephone conversation between Appellant and the victim.  The ultimate issue in this case is whether the victim was too impaired to consent to intercourse.  At trial, the Commonwealth presented evidence regarding the victim's alcohol intake throughout the evening prior to the incident.  The victim testified that she had been drinking that evening, and was not capable of consenting to intercourse.  However, in her recorded statement, the victim claimed that she was "sober" when she told Appellant that she did not want to have sex.  She further stated to the Appellant that "you got me drunk," which contradicted her testimony that she was intoxicated earlier that evening.  ***See*** Slip Opinion at 2, 8.  The victim's state of intoxication, and its impact on her ability to consent, was the ultimate

issue at trial.  I would conclude that the trial court abused its discretion in precluding Appellant's use of this testimony to cross-examine the victim.

In addition, because the victim's ability to consent was the ultimate issue at trial, I cannot conclude that the error is harmless, beyond a reasonable doubt.   For this reason, I would reverse Appellant's judgment of sentence and remand for a new trial.